# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

ATTORNEY GRIEVANCE COMMISSION   *
OF MARYLAND
                                      *

       Plaintiff,
                                      *

V.                                          Case No. C-15-CV-24-000425
                                      *

SARI KARSON KURLAND            **Entered: Clerk, Circuit Court for**
                                      * **Montgomery County, MD**
       Defendant.                     **January 31, 2024**

## TEMPORARY RESTRAINING ORDER AND
## PRELIMINARY INJUNCTION BY CONSENT

UPON CONSIDERATION of the Complaint for Temporary Restraining Order, Preliminary and Permanent Injunction including the affidavits attached thereto, and Defendant having appeared with counsel and has consented to the entry of this Temporary Restraining Order and Preliminary Injunction it is, this day 26th of January, at 12:08 p.m, by the Circuit Court for Montgomery County, Maryland:

FOUND, that the Defendant Sari Karson Kurland resides in Montgomery County and currently maintains an office for the practice of law located at 211 Jersey Lane, Rockville, Montgomery County, Maryland 20850; and it is further

FOUND, that the Plaintiff has made efforts commensurate with the circumstances to give the Defendant notice of the filing of the Complaint; and it is further

FOUND, that immediate, substantial, and irreparable harm will result to the financial interests of the Defendant's clients, potential clients, and/or future clients, and escrow associates if a temporary restraining order does not issue; and it is further

FOUND, that immediate, substantial, and irreparable harm will result to the

①

administration of justice if a temporary restraining order does not issue; and it is further

FOUND, that the harm will be irreparable based on the demonstrated pattern of conduct as alleged in the Complaint and supporting affidavits and the Defendant's failure to provide substantive response to Bar Counsel; and it is further

FOUND, that there is a likelihood of Plaintiff's success at a hearing on the merits and that the potential irreparable injury to the clients and the administration of justice outweighs the risk to Defendant; and it is further

FOUND, that granting the Order is not contrary to the public interest; and it is further

ORDERED, that the Plaintiffs Complaint for Temporary Restraining Order be, and hereby is, GRANTED; and it is further

ORDERED, that the Defendant, Sari Karson Kurland, be and hereby is ENJOINED from the practice of law in the State of Maryland pending further order of this Court or the Supreme Court of Maryland; and it is further

ORDERED, that the Defendant shall not receive any funds from any client or third party intended to be either held in escrow; and it is further

ORDERED, that the Defendant shall not charge, receive, or otherwise take possession of funds entrusted to her as payment for legal services not yet provided by the Defendant; and it is further

ORDERED, that the Defendant shall not take possession of any funds entrusted to her for payment to a third party; and it is further

ORDERED, that the Defendant shall not take possession of any funds entrusted to her as Escrow Agent; and it is further

ORDERED, that the Defendant shall not make any withdrawals or transfers from any 

business operating account or IOLTA or attorney trust account in any financial institution, including but not limited to JPMorgan Chase accounts ending in -9200 and -0785; and it is further

ORDERED, that the Defendant shall not open any new business operating account or IOLTA or attorney trust account in any financial institution; and it is further

ORDERED, that the Defendant shall not access existing attorney operating accounts and existing IOLTA or attorney trust accounts in any manner, including but not limited to JPMorgan Chase accounts ending in -9200 and -0785;

ORDERED, that the Defendant shall, within seven (7) days of being served with a copy of this Temporary Restraining Order, provide to Bar Counsel a complete list of all clients for whom the Defendant has an active file and indicate the status of the legal matter, the amount of money received from each client and where the Defendant deposited the funds, as well as provide to Bar Counsel any and all files maintained for said clients; and it is further

ORDERED, that, pursuant to Maryland Rule 19-732(d), bond is not required; and it is further

ORDERED, that the Defendant may move for a modification or dissolution of this Order on two days' notice to Plaintiff; and it is further

ORDERED, that a status hearing be held on February 13, 2024 at 8:30 a.m.; and is it further

**Entered: Clerk, Circuit Court for Montgomery County, MD January 31, 2024**



ORDERED, that this Order shall remain in effect pending further order.

Judge, **HARRY C. STORM**
Circuit Court for Montgomery County
**JUDGE**

Entered: Clerk, Circuit Court for
Montgomery County, MD
January 31, 2024